## G. C. GREEN v. THE STATE.

### No. 2308. Decided March 13, 1901.

**Justice of the Peace—Official Misconduct—Sunday Law—Construction of Statute.**
It is provided by article 269, Penal Code, that "if any justice of the peace, etc., shall willfully neglect to return, etc., any person committing a breach of the peace or other crime or misdemeanor which has been committed within his view, etc., he is guilty of a misdemeanor," etc., Held, this statute, and no other statute in the Penal Code, makes it the duty of a justice to make "return" of persons who violate the Sunday law within his view or knowledge and he can not be convicted of official misconduct in failing and neglecting to "return" such persons.

APPEAL from the District Court of Palo Pinto. Tried below before Hon. J. S. STRAUGHAN.

Appeal from a conviction of official misconduct by a justice of the peace; penalty, a fine of $75.

No statement necessary.

W. P. Gibbs and Stevenson & Ritchie, for appellant.

D. E. Simmons, Acting Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating article 269, Penal Code, and his punishment assessed at a fine of $75. Said article reads as follows: "If any justice of the peace, sheriff or other peace officer, shall willfully neglect to return, arrest or prosecute any person committing a breach of the peace or other crime or misdemeanor which has been committed within his view, * * * he shall be guilty of a misdemeanor, and on conviction shall be fined not less than seventy-five dollars nor more than five hundred dollars." The indictment charged, substantially, that appellant, Green, was justice of the peace of precinct No. 5, Palo Pinto County, and as such officer did then and there unlawfully, willfully, and knowingly neglect to return, arrest, and prosecute one Lewis Gallaher, who was then and there guilty of the offense (setting it out) of keeping his house open for traffic on Sunday, same being within the view and knowledge of the said Green. Under this indictment the prosecution and conviction was had, on the allegation that appellant failed to "return" said Gallaher on account of said offense.

Appellant assigned a number of errors, but, in the view we take of the case, it must go off on a proposition not presented or relied on by appellant. That is, does the statute in question comprehend or constitute the matters set out an offense under said statute? Before an officer can be punished for official misconduct, there must be some duty imposed by law; and it must be then shown that he has willfully neglected or failed to discharge said duty. We find, under our statute regulating duties of justices of the peace, they are authorized to arrest or order the arrest of a person without warrant when the offense is committed within their view, and is a felony or a breach of the peace. Articles 247-250, Code of Criminal Procedure, articles 392-394, Penal Code, require the justices of the peace to cause all persons within their knowledge who have violated the gaming laws of this State to be arrested and prosecuted. This is made a distinct offense from the one under consideration, with a different penalty. Or a peace officer (and a justice of the peace is such), may, when he has good cause to believe that an offense has been or is about to be committed against the laws of this State, summon and examine witnesses in relation thereto, and if satisfied that an offense has been committed, after reducing the testimony to writing, etc., is authorized to issue a warrant for the arrest of the defendant. Code Crim. Proc., art. 941. This might be considered in the nature of a prosecution, but this appellant was not prosecuted for failing to arrest or prosecute, but, as stated, the prosecution was for failure to "return." As to his duty to return, outside of his duty to report moneys collected under articles 1010-1014, Code of Criminal Procedure, and his duty to return examining papers to the grand jury,

we are not advised of any statute placing such a duty upon him to make return of any of his official acts. If there is a statute authorizing him to make some return to some court or tribunal of matters of the character set out in this indictment, we have been unable to find it; and, unless there is some requirement of this sort—some duty imposed by the statute with reference to a return by a justice of the peace of persons who violate the Sunday law within his view or knowledge—then it can not be official misconduct on his part to neglect or fail to do said act. It might be highly proper for a justice of the peace to take cognizance himself, in his own court, of such violations, as a matter of public policy, and see that such delinquents are prosecuted. Or it might be sound public policy to have him make report of such violations of law to the grand jury. But, until this duty is imposed by law, it can not be an offense to fail in the discharge of what might be considered a merely moral obligation. Because the indictment does not charge a criminal offense against the laws of this State, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*